

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0624-20

### DALLAS SHANE CURLEE , Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### JACKSON COUNTY

KELLER, P.J., filed a concurring opinion in which RICHARDSON, SLAUGHTER, and MCCLURE, JJ., joined.

I agree with the Court that the church playground in this case was not "open to the public."

But I think there is a way to resolve cases like this without going quite so deeply into the facts.

There is nothing mysterious or obscure about the statute's reference to playgrounds that are "open

to the public." It means public playgrounds. I would hold that, at least in general, playgrounds that

are privately owned are not "open to the public" within the meaning of the drug-free zone statute.

One way to look at the question of whether a playground is open to the public is to ask

whether members of the public can be excluded arbitrarily. When a playground is publicly owned,

the answer is "no."[1]  Unless a visitor to the playground is violating playground rules or the law or some other restriction, no one can make him leave.  Even the adult of "questionable character" posited in an example in the State's brief has as much of a right to stay as anyone else.  Here, though, there is no doubt that there are people connected with the church who could exclude an adult of questionable character or anyone else.  If a member of the public can be excluded just because the owner doesn't want him there, I think the property is not open to the public.

In addressing the legislative history of the enhancement statute, the State's brief points out that drug-free zones were to be established where children are known to gather.  But the same sentence refers to "public playgrounds."  And anyway, children often gather in private yards with playground equipment, but that doesn't make the private yard open to the public.

I think it would be rare, but there may be cases in which a privately owned playground is "open to the public."  I would, therefore, adopt the private versus public property distinction as a rule of thumb rather than a hard-and-fast rule.  But fence or no fence, if members of the public can be excluded by the owners arbitrarily, I would hold that a playground is not open to the public.

I join the opinion of the Court.

Filed: April 14, 2021

Publish

---

[1] A conflict might exist among courts of appeals regarding the means by which to challenge a government entity's decision to exclude someone from public property, but the conflicting cases seem to agree that a government entity's decision to exclude someone is subject to due process constraints. *Compare Wilson v. State*, 504 S.W.3d 337, 344-47 (Tex. App.—Beaumont 2016, no pet.) (holding, in trespass case, that defendant should have used available civil remedies to challenge government official's decision to ban him from public community center) *with Anthony v. State*, 209 S.W.3d 296, 305-08 (Tex. App.—Texarkana 2006, no pet.) (holding, in trespass case, that unwritten policy allowing police officer to ban someone from public park was unconstitutionally vague and violates procedural due process).